FILED 10 AUG '26 10:17 USDC-ORP

CASE # 3:26-cv-00948-AR

UNITED STATES DISTRICT COURT
DISTRICT of OREGON
PORTLAND DIVISION

STEPHEN DOYLE BENNETT
*Plaintiff*

v.

UNITED STATES of AMERICA
*Defendant*

CIVIL ACTION
28 USC §§ 1346, 2671
PLAINTIFF OPENING BRIEF

Stephen D. Bennett
Plaintiff Pro-se
#00124-512
F.D.C. Sheridan
P.O. Box 6000
Sheridan, OR. 97378

## JURISDICTIONAL STATEMENT

This tort claim is brought against the United States (Defendants) pursuant to 28 USC § 2671 et seq., commonly reffered to as the "Federal Tort Claim Act". Liability of the United States is predicated specifically on 28 USC §§ 1346(b)(1), 2679(b)(1), 2671 et seq. because loss of property injuries and resulting damages that form the basis of this complaint were proximate cause by the negligant wrongful act, and/or omissions of an employee of the United States through its agency, the United States Marshals Services (USMS), Department of Justice. The employee was acting within the course and scope of his office of employment, under the circumstances in which the United States, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private citizen under the laws of the State of Oregon, pursuant to the Oregon Tort Claim Act Oregon Revised Statute ORS § 30.260 through ORS § 30.300.

## NATURE OF THE ACTION FACTS RELIED UPON

On or about August 11, 2025, at approx. 8:00 A.M. Plaintiff was being transported from Multnomah County Jail, Portland Oregon, to U.S. BOP Federal Detention Center Sheridan, Oregon. Plaintiff had been in custody for several months at this time.

Plaintiff had his personal property, that he had acquired, packed and ready for the transport. This property consisted of legal research for his criminal case, personal addresses and contact information, and two book manuscripts that he had written for publication. The U.S. Marshal Services were responsible for the approximatly two hour transport and failed to take an inventory of his property before leaving Multnomah County Jail.

Once he recieved his property by R&D Officers at Sheridan, Oregon Plaintiff relized that the research, contact information and two book manuscripts were missing and had not been brought into the BOP facility from the transport van.

After making BOP R&D staff aware of the missing property. They called the U.S. Marshals doing the transport. It was determined that other arrangements would need to be made to retrieve the property at the Federal Building in Portland.

The investigator working on my criminal case went to the Federal Building in Portland and spoke to the Deputy Marshals about the property. A search was done where some property was found. However the items in question were not found and was determined that no futher search would be done and the property was lost forever.

That based on information and belief, Plaintiff alleges, the USMS was acting within the coarse and scope of his employment.

That based on information and belief, Defendant USA, entrusted, authorized and ratified the USMS by policy and statute. The USMS failed to inventory Plaintiffs property establishing a chain of custody, part of USMS duty of care, resulting in injury, the loss of the aforementioned property.

a)

## Negligance

· Did United States Marshals Services Negelect To
Inventory Plaintiffs Property Breach Their Duty of
Care When Plaintiffs Property Was Lost ?

Petitioner declares that the Defendant are liable for
loss of his property under the provisions of 28 USC §1346 (b)(a)
which states: Subject to the privisions of Chapter 171
of this title, the District Courts... shall have exclusive
jurisdiction of civil actions on claims against the United States,
for money damages, accruing on and after January 1, 1945,
for injury or loss of property, or personal injury or death
caused by the negligent or wrongful act or omission
of any employee of the Government while acting within
the scope of his office or employment, under circumstances
where the United States, if a private person, would be liable
to the claimant in accordance with the law of the place
where the act or omission occurred 28 USC §1346(b)(1).
The F.T.C.A. "Vest the Federal District Court with exclusive
jurisdiction over suits arising from the negligence of
Government employees." Jerves v. United States, 966 F 2d 517,
518 (9th Cir 1992)

Because the FTCA requires a plaintiff to bring a
cause of action against the United States "in accordance with
the law of the place where the act or omission occurred," Oregon
Revised Statutes must apply. In this claim Oregon Statute
ORS§30.260 §30.300 Oregon Tort Claim Act" applies to claims
against Oregons public bodys officers, employees and agents
working within the scope of the employment or duties".

· Plaintiffs position is, when a prisoner and his property enter into the custody and possession of the United States Marshals Services for transportation from one facility to the next, a duty of care arises which requires the US Marshals Services to inventory personal property items and establish a chain of custody for that property. Failure to do so constitutes a breach of that duty and renders the United States liable for negligence under the FTCA.

Plaintiff was being transported from Multnomah County Jail, Portland, Oregon, to the B.O.P. Federal Detention Center Sheridan Oregon to be housed while awaiting final disposition of his federal criminal case.

Plaintiff had been in custody for several months at this point, August 11, 2025. Plaintiff had personal property that he had accumulated to be transported with him. The property included two books that Plaintiff had written for publication at a later time, personal contacts and legal research. Prior to the transport I had ask Multnomah Co Jail employee's if these property items were included in my property. They told me that these items were identified on my property reciept that the jail furnished.

When the U.S. Marshals took custody of Plaintiff and were loading the van for transport Plaintiff ask the U.S. Marshals if they had loaded his property into the van. The Marshals afirmed that the property was in the van. However, Plaintiff never signed a inventory form that the U.S.M.S. should

have provided to establish a chain of custody.

Once the Petitioner arrived at F.D.C.S. and recieved some of the property from the property officer, he relized that the aforementioned property was missing. The property invoice slip from Multnomah Co. Jail was there that showed the missing property. By this time the USMS had already left F.D.C.S. facility to return to Portland. I contacted my investigator working on my defense and explained to her that all of my property did not follow me to F.D.C.S.. I described the property to her and explained the importance of the property and the four months that it had taken to write the books that I intended to publish. It was determined that the property was left on the transport van by the USMS. My investigator agreed to go to the Federal Building in Portland and inquire with the USMS to see if the property could be found. Some items were found however the personal contacts, legal research and the two book manuscripts were missing. The USMS told the investigator that the property was lost and that there would be no futher search. "The property was lost forever" was the final disposition by the USMS that they conveyed to the investigator.

There were several people who are familar with the books that Plaintiff wrote. Plaintiff was being housed in Umitilla County Jail, Pendelton, Oregon, at the time he wrote the books. The MRT (Moral Reconition Therapy) teacher/counselor Jason, assisted Plaintiff with technical details and encouraged Plaintiff to write the books, UCJ counselor Ed,

U.C.J Officers Ross and Carney both saw the books and encouraged Plaintiff to continue writing. The books and other property were transported from Umitilla Co. Jail to Multnomah Co. Jail without incident.

After the property that could be found by the Marshals was given to the investigator, Attorney Summon Mellinpatti sent it to Petitioners father. The father also bolster the fact that the book manuscript was missing from the property sent to him.

Under Oregon law, the elements of negligence are duty, breach of duty, causation and damages. Plaintiff explains how each of the elements attach to his claim.

Duty- Because Plaintiffs personal property became under the control of the U.S. Marshals Services, the Marshals had to inventory the property in order to protect the plaintiffs intrest while under their custody during transport. In the Domestic Investigations and Operations Guide for DOJ employee's instructs the employee that, "after lawfully taking custody of property, they must conduct a prompt and thorough search of the contents of the property, including searching any locked or unlocked containers and inventoring thier contents. Agents must then record the result of the Inventory on certain specified forms, and the summary must include, but not limited to, a description of the property and the items secured for safe Keeping."

Breach of Duty. On August 11, 2025, Plaintiff was being transported from Multnomah Co Jail, Portland Oregon to the Federal Detention Center Sheridan Oregon by U.S. Marshals Services employee's. The Marshals doing the transport failed to inventory Plaintiffs personal property according to thier policy, for creating a chain of custody. The U.S. Marshals doing the transport apparent negligence to follow policy and statutes to inventory Plaintiffs property even after Plaintiff asked the Marshal if they had put all his property on the transport van.

Causation - But for the Marshals negligence to follow statute and written policy to inventory property that is placed in thier custody, either long term or temporary, did result in the loss of Plaintiff's personal property.
Cause in fact exist if the defendants act helped cause the final result and if that result would not have occurred but for defendants negligent conduct.
The legal or proximate cause is satisfied by the Marshals obligation to follow policy and statute as stated above.

Injury - Plaintiff has suffered injury of loss of his personal property of legal research, contact information, and two book manuscripts that he had written for future publishing. If the Marshals would have followed policy and statute for inventory of property placed in their custody they would have relized that the property had been left on the van at FDCS and could have retrieved the property at

that point, resolving the loss issue. By the time the property made its way back to the Federal Building and changed hands, without a chain of custody form, and by the time the investigator went to the Federal Building inquiring about the property in question, there he was told by U.S. Marshals, the property was "lost forever" and no further search would be done.

U.S. Marshals have a statutorly duty to protect property subject to executions of writs, process and orders pursuant to 28 USC § 566. It has been long standing, Marshals duty with respect to property, while in his custody, that he keep such property in safe and secure manner so as to protect it from injury..." Matoil Service & Transport Co. v. Schneider, 129 F 2d 392, (3rd Cir 1942) "Marshals are themselves responsible for thier negligent acts...in carring out such orders as restitution of property". Wilson v. Bittinger, 262 F. 2nd 714 (D.C. Cir 1958) "United States Marshals is liable for damages caused by rain or other natural causes, as well as by his own breakage, if damages comes to goods by reasons of his negligent conduct, or undue exposure reasonably forseeable". Snyder v. Hart, 78 F 2d 237 (D.C.Cir 1935) "Whenever seizure of property is made by Marshal under lawful precept, he is bound to use due and reasonable diligence to keep it from injury." Burke v. The M.P. Rich, 4 F Cas. 745 (C.C.D Mass 1860) "When prisoner and his property enter custody of U.S. Marshals Services for transportation duty of care arises." Kelly v. United States, 630 F. Supp. 428 (6th Dist 1985). The FTCA was created by Congress with the intent to compensate individuals harmed by ~~government~~ negligence and as



a remedial statute, it should be construed liberally and its exceptions should be read narrowly." *Terbush v. United States,* 516 F 3d 1125, 1135 (9th Cir. 2008).

Petitioner has demonstrated that the United States Marshals Services by statute and policy had an obligation to inventory property of persons placed into thier custody for transport from one facility to the next. The policy and statute is designed to protect USMS from liability for injury or loss of property. Therefore the USMS actions were negligent to not follow policy and statute to protect property from injury or loss. Because the act was regulatory and the employees have no discretion to deviate from the mandated procedure liability is warranted.

Petitioner first filed a Form 95 FTCA to the US Marshals Services requesting relief for the loss of property (Attachment 1 & 2). USMS General Counsel response uses the exception found in 28 USC § 2680 (c) to deny Petitioners administrative claim.

"28 USC § 2680 (c): Any claim arising in respect of the assessment or collection of any tax or custom duty, or detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provision of this chapter [28 USC § 2671 el seq] and section 1346 (b) of this title [28 USC § 1346 (b)] apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer if: (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of

property other than as a sentence imposed upon conviction of a criminal offense: (2) the intrest of the claimant was not forfeited; (3) the intrest of the claimant was not remitted or mitigated (if the property was subject to forfeiture; and (4) the claimant was not convicted of a crime for which the intrest of the claimant in the property was subject to forfeiture under a federal criminal forfeiture law."

Petitioner injects that his claim has no bearing on 28 USC §2680(c) forfeiture of property, collection of tax or excise of any other law enforcement officer that may be involved in the exercise of custom or tax collection or forfeiture duty. The context of 2680(c) suggest that, in accordance with the statutory provision should be interpreted narrowly to apply only to customs and revenue duties. Its first clause deals exclusively with customs and tax duties and between the first and second clauses, it refers two more times to custom and tax.

Inasmuch, 2680(c) provides that there will be immunity only where there has been a detention of goods, merchandise, or property. Detention is defined by legal and non-legal dictionaries alike as "compulsory" or "forced" or "punitive" containment. Petitioner declares that his property was not detained within the meaning of 28 USC §2680(c). There was no lien, no forfeiture, no tax owed or custom intrest attached to the property when the USMS took it into their custody for transportation of less than two hours. 28 USC §566 is specific about the duty to protect property



that has entered into USMS custody. In respect to this particular situation the relationship to the property being placed into USMS custody would represent a bailment moreso than any of the provisions of §2680(c).

Under this theory, "a bailment is a expression which describes the agreement, undertaking or relationship which is created by the delivery of personal property by the owner (ie the bailor) to someone who is not an owner of property (ie the bailee) for a specific purpose, which includes the return of the personal property to the person who delivered it. In a bailment, dominion and control over the personal property pass to the bailee until returned to bailor." GCM Air Grp v. Chevron USA INC, 386 F. Appx. 717 (9th Cir. 2010)

As shown above the USMS acted negligent. The United States are liable for tortus act of negligence where their employees acts caused the loss of property. The United States may be sued "out of certain negligent acts of federal employees." Young v. United States, 769 F 3d 1047, 1053 (9th Cir 2014) Therefore the United States is the proper defendant in this tort claim where "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Terbush v. United States, 516 F. 3d 1125, 1129 (9th cir 2008) (quoting Berkovitz v. United States, 486 US 531, 536 (1988)

# DEMAND FOR JUDGEMENT

Respectfully Plaintiff request relief and judgement against Defendant, United STATES of AMERICA as follows:

(1) For general damages in an amount not to exceed $10,000,000.00

(2) For loss of income present and future earning capacity in an amount not to exceed $10,000,000.00

(3) For property damage incurred by Plaintiff as a direct result of the injuries of the loss and distruction of written book manuscripts, legal research and contact information, that cannot be duplicated in its entirety, in an amount not to exceed $10,000,000.00

(4) Any other relief the Honorable Court finds just and equitable.

Respectfully Submitted

Stephen Doyle Bennett

Stephen Doyle Bennett
#00124-512
FDC Sheridan
P.O. Box 6000
Sheridan, Or. 97378

<u>Affidavit</u>

I, Stephen Bennett, Petitioner in the above Federal Tort Claim 28 USC § 1346(b), do hereby declare under the penality of perjury that the foregoing is true and correct. That the document was placed in FDC Sheridan legal mail on this date of August, 08, 2026, as provided by pursuant to 28 USC § 1746.

Respectfull Submitted,

Stephen Bennett

Stephen Bennett
Plaintiff Pro-se
# 00124-512
FDC Sheridan
P.O. Box 6000
Sheridan, Or. 97378



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-0001*

**JAN 2 2 2026**

**VIA CERTIFIED MAIL #**   9589 0710 5270 3805 6087 06

Stephen Doyle Bennett, Reg. #00124-512
Federal Detention Center Sheridan
P.O. Box 6000
Sheridan, OR  97378

> **Re: Administrative Tort Claim OGC #56454**

Dear Mr. Bennett:

This responds to the above-referenced administrative tort claim received by the United States Marshals Service (USMS) on January 26, 2026, in the amount of $50,000.00.  You claim that on August 11, 2025, during your transfer, property you had was lost.

The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful act or omission of an employee of the Federal Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Our review of the circumstances and the applicable law revealed no negligence by any USMS employee. Moreover, claims for loss of prisoner property are not maintainable under the FTCA because the FTCA's waiver of sovereign immunity does not apply to detention-of-property claims. See 28 U.S.C. § 2680(c).

Accordingly, your administrative tort claim against the United States in the amount of $50,000.00 is denied.  If you are dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court no later than six months after the date of the mailing of this denial. See 28 U.S.C. § 2401(b).

Sincerely,

**Charlotte Luckstone**
General Counsel



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-0001*

**APR 1 5 2026**

**CERTIFIED MAIL #**    9589 0710 5270 0108 5900 04

Stephen Doyle Bennett, Reg. #00124-512
Federal Detention Center Sheridan
P.O. Box 6000
Sheridan, OR 97378

**Re: Request for Reconsideration - Administrative Tort Claim OGC #56454**

Dear Mr. Bennett:

This responds to the above-referenced request for reconsideration of administrative tort claim received by the United States Marshals Service (USMS) on April 9, 2026, in the amount of $50,000.00. You claim that on August 11, 2025, during your transfer, property you had was lost.

We have once again reviewed this claim, along with the information you provided, and found no reason to change our determination on your claim. Accordingly, your administrative tort claim against the United States in the amount of $50,000.00 is denied upon reconsideration. If you are dissatisfied with our determination, you may file suit in the appropriate U.S. District Court no later than six months after the date of the mailing of this notice of final denial of your claim upon reconsideration. See 28 U.S.C. § 2401(b).

Sincerely,

**Charlotte Luckstone**
General Counsel

EPT DPSST                       RELEASE FUNDS

# Multnomah County Sheriff's Office

## A 405169      PROPERTY/MONEY LEDGER      A 405169

| LAST NAME: Bennett | DATE OF BIRTH: 04-28-1947 | BOOKING DATE: 08-06-2025 |
|---|---|---|
| FIRST NAME: Stephen    M.I. | CLOTHING LOCATION | PROPERTY LOCATION |

Cash Received At Booking: $ ___0___    Booking Officer __Krafve__    DPSST __58495__

| ITEM | QTY | REMARKS | PROP INT. |
|---|---|---|---|
| NEGOTIABLE ITEMS (CHECKS) | | | |
| WALLET (NO VALUABLES) | 1 | | |
| PURSE (NO VALUABLES) | | | |
| WATCH | | | |
| RING | | | |
| NECKLACE | | ☐ Charms | |
| BRACELET | | | |
| EARRINGS-PIERCINGS (EA.) | | | |
| GLASSES | | ☐ Sun | |
| ELECTRONIC DEVICE | | | |
| CELL PHONE | 1 | ☐ Damaged | |
| BACKPACK/TOTE BAG | | | |
| SHOE LACES | ✓ | | |
| KEYS | ✓ | | |
| BELT | ✓ | | |
| KNIFE/SHARPS | | | |
| TOOLS | | | |
| MISC. PAPERS | ✓ | | |
| FOOT WEAR | | | |
| MISC. COMMISSARY | ✓ | | |
| IDENTIFICATION | ✓ | | |
| MEDICATIONS | | | |

NOTICE: PROPERTY LEFT OVER 60 DAYS FROM FINAL RELEASE WILL BE DISPOSED OF.

AT BOOKING:

This is an accurate record of my property.    X _____ INMATE

Money in your possession or that you receive while you are in the County's custody will be deposited by the County acting as your representative, into your inmate trust account for your use and benefit. The money will be added to your trust account balance, whether negative or positive, at the time of posting. Please refer to the INMATE MANUAL for the forms of money that the County will accept. Posting of certain items may be delayed up to the 10 days pending verification.